IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) FAMILY DEALERSHIP, INC. a/k/a FAMILY CHRYSLER JEEP, ) ) ) Defendant. ) ) ) | CIVIL ACTION NO. COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and retaliation, and to provide appropriate relief to Mary Ellen Croce, who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Ms. Croce, an Assistant Finance Manager, was sexually harassed by co-workers employed as Sales and Leasing Consultants. Although Ms. Croce reported the sexually harassing conduct and language, Defendant failed to take prompt effective corrective action. The Commission further contends that, after Ms. Croce reported the sexual harassment to her employer, and protested the fact that one of the harassers was allowed to continue in his employment, her employment with Defendant was terminated. As a result of the harassment and retaliation, Ms. Croce incurred wage losses and suffered emotional distress damages.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4. At all relevant times, Defendant Family Dealership, Inc. a/k/a Family Chrysler Jeep has continuously been and is now a Pennsylvania Corporation doing business in the State of Pennsylvania and the town of Chadds Ford, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mary Ellen Croce filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2003, Defendant Employer has engaged in unlawful employment practices at its Chadds Ford, Pennsylvania dealership in violation of Sections 703(a) (1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) (1) and 2000e-3(a) by subjecting Mary Ellen Croce to a sexually

hostile work environment and thereafter retaliating against her. The unlawful employment practices include, but are not limited to, the following:

(a) Starting in May 2003, a Sales and Leasing Consultant employed by Defendant began to make unwelcome sexual comments and discuss sexual activity in Ms. Croce's presence, including asking Ms. Croce unwelcome questions about sex, talking about her breasts, and staring at them;

(b) Ms. Croce reported these comments and conduct to her supervisor, the Manager of Finance and Industry, but the harassment continued as the Sales and Leasing Consultant made derogatory remarks about women's bodies in the presence of the Sales Manager and Ms. Croce;

(c) Around July 2003, the Sales and Leasing Consultant continued to discuss his sex life with his girlfriend and her sexual habits, and repeatedly asked Ms. Croce to bend over so that he could see her breasts or to bend over the desk so that he could perform sexual acts. Ms. Croce again informed the Sales and Leasing Consultant that she found his words offensive;

(d) Later in July of 2003, the Sales and Leasing Consultant requested that Ms. Croce remove a piece of taffy from her mouth so that he could give her "something better to suck on," after which Ms. Croce again reported this co-worker to her supervisor, as well as to the Sales Manager;

(e) Despite these reports to management, Ms. Croce's co-worker continued to engage in sexually offensive activities, once telling Ms. Croce to move away, suggesting that something could poke her in the eye while he stared at the crotch of his pants, discussing his sexual plans for his vacation, and requesting to see Ms. Croce's breasts, all of she reported again to her supervisor;

(f) The offensive Sales and Leasing Consultant was ultimately discharged, but only after numerous reports to management were made by Ms. Croce, while the harassment continued unabated;

(g) In November 2003, another Sales and Leasing Consultant approached Ms. Croce to

announce that he had just engaged in sexual activity in the parking lot and to discuss his methods. He later returned to announce that he had engaged in another "round" of sex in the parking lot during working hours and bragged about his prowess, telling Ms. Croce she was "just jealous" when she expressed disgust at his comments and behavior. After another co-worker reported this offensive employee to management, Ms. Croce approached management to protest that the offending employee was allowed to return to work on the sales floor;

(h) In November 2003, Defendant's owner ordered that Ms. Croce's performance be reviewed, although no other employees at the dealership were reviewed, and Ms. Croce questioned this action;

(i) In December 2003, Defendant Employer informed Ms. Croce that she was being laid off, but would be called back; however, she was never called back to the job and others were hired in the department;

8. The effect of the practices complained of in paragraph 7 above, has been to deprive Mary Ellen Croce of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender and because of retaliation.

9. The unlawful employment practices complained of in paragraph 7 above, were intentional.

10. The unlawful employment practices complained of in paragraph 7 above, were done with malice or with reckless indifference to the federally protected rights of Mary Ellen Croce.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment,

or retaliation, and any other employment practice which discriminates on the basis of sex and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Mary Ellen Croce by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Mary Ellen Croce by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

paragraphs 7 (a) through (i) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Mary Ellen Croce by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (i) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Mary Ellen Croce punitive damages for its malicious and reckless conduct described in paragraphs 7 (a) through (i) above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                        ERIC S. DREIBAND
                        General Counsel

                        JAMES L. LEE
                        Deputy General Counsel

                        GWENDOLYN YOUNG REAMS
                        Associate General Counsel

                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        Washington, D.C. 20507

                        */s/ Jacqueline H. McNair*
                        JACQUELINE H. MCNAIR
                        Regional Attorney

                        */s/ Judith O'Boyle*
                        JUDITH O'BOYLE
                        Supervisory Trial Attorney

                        */s/ Cynthia A. Locke*
                        CYNTHIA A. LOCKE
                        Trial Attorney
                        EEOC
                        21 S. 5th Street, Suite 400
                        Philadelphia, PA 19106
                        (215) 440-2683
                        Pennsylvania ID No. 37637